UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

URBAN ASSOCIATES, INC.,

    Plaintiff,

v.                                       Case No. 04-CV-74835-DT

SUNARROW LIMITED and SUNARROW
AMERICA LIMITED,

    Defendants.
                                             /

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' "MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT"**

Pending before the court is Defendants Sunarrow Limited and Sunarrow America Limited's "Motion to Dismiss Portions of Plaintiff's First Amended Complaint." The court has reviewed the briefing in this matter and concluded that a hearing is not required. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant in part and deny in part Plaintiff's motion.

**I. BACKGROUND**

On November 30, 2005, Plaintiff Urban Associates, Inc. filed its "First Amended And/Or Supplemental Complaint."[1] In its "First Amended Complaint," Plaintiff alleges that on or about March 19, 1998, Plaintiff entered into an agreement with Defendants to act as their sales representative, with exclusive rights to sell in the defined territory. (Pl.'s First Am. Compl. at ¶7.) Plaintiff further alleges that on June 2, 2004 Defendants prematurely terminated Plaintiff effective immediately. (*Id.* at ¶10.) As a result of these

---

[1]Plaintiff filed its original complaint on December 10, 2004.

events, Plaintiff brought seven counts against Defendants:

> I) Breach of contract, Failure to Act in Good Faith and Fair Dealing, Accounting;
> II) Implied Contract, Quantum Meruit/Unjust Enrichment;
> III) Premature Termination;
> IV) Agency;
> V) Fraudulent Misrepresentation;
> VI) Innocent Misrepresentation;
> VII) Declaratory Relief Regarding Counts II through VIII [sic], Continuing Obligations, etc.

(*See* Compl.)  In their December 19, 2005 motion to dismiss, Defendants move to dismiss Counts III-VII of Plaintiff's complaint.

## II.  STANDARD

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).  A motion to dismiss may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Pratt v. Ventas, Inc.,* 365 F.3d 514, 519 (6th Cir. 2004) (internal quotation marks and citation omitted).  When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.  *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995); *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  Hence, a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations.

*Wright*, 58 F.3d at 1138; *Columbia Natural Resources, Inc.*, 58 F.3d at 1109.

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1100-01 (6th Cir. 1995). The complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994); *Johnson v. City of Detroit*, 319 F. Supp. 2d 756, 759-60 (E.D. Mich. 2004). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard*, 76 F.3d at 726 (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988))

### III.  DISCUSSION

#### A.  Premature Termination (Count III) and Agency (Count IV)

#### 1.  Premature Termination (Count III)

In Count III of its complaint, Plaintiff alleges "premature termination." (Compl. at 5.) In their "Motion to Dismiss," Defendants argue that there is "no legally cognizable cause of action known as 'premature termination.'" (Defs.' Mot. at 3.) In addition, Defendants argue that "Count III does not contain any additional factual allegations or state a legally cognizable cause of action separate and apart from Count I [a breach of contract claim]." (*Id.*) In response, Plaintiff states that "[t]he fact that the claim of 'premature termination' may not be a 'cause of action' is of no moment because our court rules do not require a pleader to plead a cause of action - rather it requires the

3

pleading of a claim." (Pl.'s Resp. at 4.) Moreover, Plaintiff contends that "the fact that this count may repeat allegations contained in Count I is . . . also of no moment because statements in pleadings may be adopted by reference in different parts of the same pleading." (*Id.*) Plaintiff asks that the count "be treated as superfluous or that Plaintiff be allowed to amend its complaint to incorporate this count into Count I of its breach of contract claim." (*Id.*)

### 2.  Agency (Count IV)

Count IV of Plaintiff's complaint alleges "agency." (Compl. at 6.) Defendants argue that "even though a principal might be liable for its agent's actions, the mere existence of an agency is not, in and of itself, a cause of action. 'Agency' is a legal relationship, not a legal claim." (Defs.' Mot. at 4.) In response, Plaintiff states again that "whether of not the existence of an agency is a cause of action is immaterial since notice pleading requires pleading a claim - not a cause of action." (Pl.'s Resp. at 4.) As with Count III, Plaintiff "asks that [the claim] be treated as superfluous or that it be allowed to amend its complaint to incorporate this claim into Count I." (*Id.* at 5.)

### 3.  The Court's Analysis of Defendants' Arguments

In reviewing Defendants' arguments, the court notes the cautionary words included in *Evans-Marshall v. Board of Educ. of Tipp City Exempted Village School Dist.*, 428 F.3d 223, 228 (6th Cir. 2005):

> "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Claims lacking factual merit are properly dealt with through

> summary judgment under Rule 56. *Id.* This is because, under the notice pleading standard of the Federal Rules, courts are reluctant to dismiss colorable claims which have not had the benefit of factual discovery. *See Conley v. Gibson*, 355 U.S. 41, 48 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."). A motion to dismiss "should not be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir.1976) (citing *Conley*, 355 U.S. at 45-46).

*Id.* at 228. Nonetheless, the court finds that the terminology used by Plaintiff does not translate into legally cognizable claims upon which relief could be independently granted and that, instead, counts III and IV merely elaborate on Plaintiff's breach of contract claim. Plaintiff's counts III and IV provide additional information on Plaintiff's breach of contract claim, constitute in essence more definite statements and are effectively subsumed in Plaintiff's breach of contract claim. The court, therefore, will dismiss Plaintiff's counts III and IV, holding that the allegations expressed in each shall be considered an extension or elaboration of Count I. As such, Defendants' motion as to counts III and IV will be granted.

### B. Fraudulent and Innocent Misrepresentation (Counts V and VI)

In Counts V and VI of its complaint, Plaintiff alleges fraudulent and innocent misrepresentation, respectively. Defendants argue that these allegations were not stated "with sufficient particularity." (Defs.' Mot. at 5.) In response, Plaintiff states that "a claim for innocent misrepresentation is not a claim for fraud and does not have to be stated with particularity" and it "has plead fraudulent misrepresentation to more than satisfy the notice requirement court rules." (Pl.'s Resp. at 5-6.)

5

As an initial matter, the court notes that Defendants did not file a motion for a more definite statement before filing their instant motion, which renders inappropriate a dismissal of Plaintiff's complaint on the basis of a lack of particularity.  See *Coffey v. Foamex* L.P., 2 F.3d 157, 162 (6th Cir. 1993) (holding that "despite the plaintiffs' failure to satisfy the requirements of Rule 9(b), in the absence of defendants' motion for more definite statement under Rule 12(e), dismissal on this basis alone would not be appropriate").

Defendants, additionally, argue that they cannot "determine whether Plaintiff is alleging a claim of fraud-in-the-inducement or fraud-in-the-execution." (Defs.' Mot. at 7.) Defendants assert that "Plaintiff cannot turn this simple contract claim into intentional or negligent torts by attempting to mischaracterize the alleged non-performance as fraud-in-the-inducement." (*Id.* at 8.)  In response, Plaintiff affirms that it is indeed alleging fraud in the inducement.  (Pl.'s Resp. at 7-8.)  Based on Plaintiff's response, Plaintiff is not alleging the type of fraud that Defendants argue is legally incognizable and Plaintiff's claim therefore falls within the purview of fraud claims that Defendants acknowledge should survive a motion to dismiss.  These claims could stand in the stead of Plaintiff's contract claim if Plaintiff's breach of contract claim does not survive.  Defendants' motion on counts V and VI will, therefore, be denied.

### C. Declaratory Relief (Count VII)

In Count VII, Plaintiff asks, among other requests, that "Defendants be ordered to account and pay to Plaintiff all such commissions as they accrue in the future." (Compl. at 10.)  Defendants argue that this count "serves no substantive purpose and seeks relief that cannot be granted under the Declaratory Judgment Act." (Defs.' Mot. at 10.)

Defendants further argue that "if Plaintiff is asking the court to order Defendants to pay commissions during the pendency of the lawsuit and before there is any decision on the merits of Plaintiff's claims, certainly such relief would not be something that Plaintiff would be entitled to in the course of pursuing its breach of contract claim." (*Id.*)  In its response, Plaintiff asserts that this count "relates to damages that may continue and/or accrue after the matter is decided. . . .  Plaintiff is asking th[e] court to exercise its discretion under the [Declaratory Judgment] Act to ensure such payments continue to be paid as they become due." (Pl.'s Resp. at 8.)  Based on Plaintiff's clarification of what it is asking for in its complaint, the court cannot conclude that Plaintiff will be unable to meet any set of facts that satisfy the Declaratory Judgment Act.[2]  Therefore, it would be inappropriate for the court to dismiss Count VII of Plaintiff's complaint at this juncture.

## IV.  CONCLUSION

IT IS ORDERED that Defendant's "Motion to Dismiss Portions of Plaintiff's First

---

[2]There are five factors that a court must consider in evaluating a claim under the Declaratory Judgment Act:

(1) whether the judgment would settle the controversy;
(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
(3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
(5) whether there is an alternative remedy that is better or more effective.

*Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 808 (E.D. Mich. 2000) (internal citations omitted).

Amended Complaint [Dkt. # 15] is GRANTED IN PART AND DENIED IN PART. Specifically, IT IS ORDERED that Defendants' motion is granted with respect to counts III and IV and denied in all other respects.

IT IS ALSO ORDERED that Defendants' "Motion for Extension of Discovery Cutoff and Related Dates" [Dkt. # 21] is GRANTED and discovery shall continue until the court conducts a telephone conference in this matter on **March 9, 2006** at **10:00 a.m.** During that conference, the court will set a discovery cutoff and establish all other relevant dates in the case. The court will initiate the call.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: March 6, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 6, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522